IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marshall Dewitt McGaha | ) | Civil Action No. 6:18-1736-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Bryan P. Stirling, | ) | |
| Respondent. | ) | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 32) recommending that Petitioner's motion (Dkt. No. 29), construed as a motion for preliminary injunction, be denied. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and denies Petitioner's motion.

I. **Background**

Petitioner is an incarcerated person at Broad River Correctional Institution in Columbia, South Carolina. Petitioner proceeds *pro se* and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis of ineffective assistance of state court trial counsel and *Brady* violations. (Dkt. No. 1 at 5-6.) Defendant Stirling, Agency Director of the South Carolina Department of Corrections, moved for summary judgment on the pleadings (Dkt. No. 20), which is fully briefed by the parties. At issue here is Petitioner's motion, docketed as a "motion for copies at no expense." (Dkt. No. 29.) Petitioner did not object to the R & R that this motion be denied.

II. **Legal Standard**

A. **Review of R & R**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court.

*See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.    Motion for Preliminary Injunction**

A party seeking a preliminary injunction must make a "clear showing" that (1) he is likely to succeed on the merits, (2) he is likely to suffer imminent and irreparable harm absent preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013). Such relief involves "the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

**III.    Discussion**

The Court finds that the Magistrate Judge fully addressed the issues and correctly concluded that Petitioner's motion should be denied.[1] Petitioner requests a "court order from the judge to be able to go to mail room and to the law library [because] it's impossible [ ] to look up case law." (Dkt. No. 29 at 1.) This request is properly construed as a motion for preliminary

---

[1]    Petitioner also requests that the Court provide him with a copy of his supplement to his response in opposition to Respondent's motion for summary judgment (Dkt. No. 28), which the Court notes the Magistrate Judge is directing the Clerk of Court to provide.

injunction, which is an "extraordinary remedy." *Winter*, 555 U.S. at 24. Liberally construing this *pro se* Petitioner's motion, he has not demonstrated that such relief is warranted in that (1) he is likely to succeed on the merits and (2) otherwise likely to suffer irreparable harm, nor that (3) the balance of equities tip in favor of an injunction, (4) which is also in the public interest. *See id.* at 20. It is unclear what irreparable harm Petitioner will continue to suffer absent an Order that he access the prison mail room and library. For example, as the Magistrate Judge noted, there is no indication that Petitioner missed a filing deadline or that the prison policies have otherwise "hindered his effort to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To the contrary, Petitioner has filed numerous motions and responses, including four filings since October 2018. *See Long v. Vaughan*, 652 Fed. Appx. 176, 178 (4th Cir. 2016) ("To prevail on a claim of denial of access to the court, prisoners must demonstrate actual injury.").

Petitioner also contends that he is being confined with no sunlight, no recreation and weekly access to showers. (Dkt. No. 29 at 2.) The Court takes seriously such allegations, but finds they do not here warrant injunctive intervention and emphasizes the availability and necessity of exhausting the prison's administrative remedies. *See* S.C. Dep't Corrs., *Inmate Grievance System*, Policy GA-01.12 (providing grievance procedure); 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

For these reasons, the Magistrate Judge appropriately concluded that Petitioner's motion should be denied.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 32) as the Order of the Court and **DENIES** Petitioner's motion, construed as a motion for preliminary injunction (Dkt. No. 29).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 28, 2018
Charleston, South Carolina