# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

Marshall Dewitt McGaha,       )       Civil Action No. 6:18-01736-RMG
                              )
                              )
              Petitioner,     )
                              )       **ORDER AND OPINION**
       v.                     )
                              )
Bryan P. Stirling,            )
                              )
              Respondent.     )
_____)

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 42) recommending that the Court adopt Respondent's motion for summary judgment (Dkt. No. 20) and deny Petitioner's motion for subpoena as moot. (Dkt. No. 38.) Also before the Court is Petitioner's motion to extend time to object to the R & R. (Dkt. No. 45.)  For the reasons set forth below, the Court adopts the R & R as the Order of the Court to dismiss the petition and deny the subpoena request as moot. In addition, Petitioner's motion to extend time is denied as moot.

## I.      Background

Petitioner Marshall Dewitt McGaha is a prisoner at the Broad River Correctional Institution in the South Carolina Department of Corrections. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Petitioner was found guilty by a jury trial of: two counts of lewd act upon a child; and two counts of first degree criminal sexual conduct ("CSC") with a minor. (Dkt. No. 19-1 at 279–286.) Petitioner was sentenced to two terms of life imprisonment on the CSC charges, fifteen years consecutive for the lewd act upon a child charge, and fifteen years consecutive for the second lewd act charge. (*Id.*) Petitioner appealed his conviction, which the South Carolina Court of Appeals confirmed on June 26, 2013. (Dkt. No. 19-

4.) Petitioner filed a PCR Application on May 2, 2014 bringing general claims of ineffective assistance of counsel, which were denied by court order after an evidentiary hearing. (Dkt. No. 19-1 at 293–299; 353–359.) On July 2, 2015, Petitioner filed a notice of appeal (Dkt. No. 19-6) and filed a petition for writ of certiorari on February 22, 2016. (Dkt. No. 19-7.) The South Carolina Supreme Court initially granted the petition, but on February 21, 2018, the court dismissed the writ as improvidently granted. (Dkt. No. 19-11.) The court issued a remittur on March 9, 2018 and it was filed by the Greenville County Clerk of Court on March 12, 2018. (Dkt. No. 19-12.)

The Petitioner filed a writ of habeas corpus on June 20, 2018 and now seeks relief on seven grounds.[1] (Dkt. No. 1.) Respondent filed a motion for summary judgment to dismiss the petition followed by petitioner's opposition, respondent's reply, and petitioner's sur-reply. (Dkt. Nos. 19; 20; 23; 26–28.) Also before the court is petitioner's motion for subpoena and related briefing. (Dkt. Nos. 38; 39; 41.) On July 17, 2019, Petitioner filed a motion to extend time to object to the R & R. (Dkt. No. 45.) He filed his objections on July 17, 2019 and August 12, 2019. (Dkt. Nos. 47;50.)

## II.    Legal Standard

### A.    Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

---

[1] Ground One is characterized as "ineffective assistance of trial counsel for not utilizing DSS records and witnesses to establish bias and a Brady violation." (Dkt. Now. 1 at 5.) Grounds Two through Seven are handwritten in the form of a memorandum. (Dkt. No. 1 at 18–24.) Both the Magistrate Judge and this Court considered those documents when considering petitioner's grounds for relief, but ultimately the claims were filed outside the one-year statue of limitations period pursuant to 28 U.S.C. § 2244(d)(1)-(2).

636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner filed objections to the R & R and the Court conducts a *de novo* review.

**B.    Motion for Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## C.     Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain relief in federal court if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding

of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id*.

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Meaning, the petitioner "must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)). This requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). For a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## III. Discussion

### A. Motion for Summary Judgment (Dkt. No. 20)

After careful review of the R & R, to which Petitioner filed objections, as well as the parties' arguments on summary judgment (Dkt. Nos. 19; 20; 23; 26–28; 47; 49, 50), the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Respondent's motion for summary judgment should be granted.

The Magistrate Judge properly concluded that all of petitioner's grounds for relief (one through seven) were untimely filed. (Dkt. No. 42 at 8–9.) Pursuant to 28 U.S.C. § 2244(d)(1), a "one-year period of limitation shall apply to an application for a writ of habeas corpus by a person

in custody pursuant to the judgment of a State court." 28 U.S.C. §2244(d)(1). The limitations period shall run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. The court calculates the limitations period based on the date when Petitioner's conviction became final "when petitioner has exhausted, or foregone, available opportunities to pursue direct appeal." *See United States v. Clay*, 537 U.S. 522, 523 (2003). The limitations period is tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(2)). A Petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. Otherwise, an untimely petition must be dismissed by a federal district court.

The Magistrate Judge correctly concluded that the petition was untimely filed. Petitioner's federal time ran from when his conviction became final through the filing of his PCR application. The South Carolina Court of Appeals affirmed the petitioner's conviction on June 26, 2013 (Dkt. No. 19-14) and the conviction became final fifteen days later of July 11, 2013. *See* Rule 221(a), SCACR; Rule 242(c) SCACR. On May 2, 2014, the PCR Application was filed. (Dkt. No. 19-1 at 293–299.) At this juncture, 295 days of untolled time had lapsed. The Petitioner's time was tolled once his PCR application was filed till the remittitur was filed in the circuit court. *Beatty v. Rawski*, 97 F. Supp.3d 768, 780 (D.S.C. 2015). The tolling period ended on March 12, 2018 when the Greenville County Clerk of Court filed the remittitur in the PCR appeal. (Dkt. No. 19-2). The statute of limitations to file a federal habeas corpus petition expired on May 21, 2018. (Dkt. No. 42 at 8.) Petitioner filed his petition on June 20, 2018 nearly thirty days past the expiration date with a total of 395 days of untolled time.

The Magistrate Judge appropriately considered whether an exception to the one-year statute of limitations period under § 2244(d)(1) applied. A Petitioner may circumvent the one-year statute of limitations period if he can demonstrate it should be equitably tolled under applicable federal law. *Holland v. Florida*, 560 U.S. 631, 449 (2010). A Petitioner seeking to establish that he is entitled to equitable tolling must demonstrate: (1) "that he has been pursuing his rights diligently"; and (2) "that some extraordinary circumstances stood in his way and prevented timely filing." *Id.*; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The doctrine of equitable tolling is generally reserved for circumstances where "external to the party's own conduct it would be unconscionable to enforce the limitation period against the party and gross injustice would follow." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner puts forth two arguments that equitable tolling of the statute of limitations is appropriate. (Dkt. No. 23 at 6–7.) First, Petitioner argues he is entitled to eighteen additional days of tolled time due to the late filing of his PCR application in the Greenville County Clerk of Court's office. (*Id.* at 6.) Petitioner states he filed his application on April 14, 2014 not May 2, 2014. (*Id.*) The Magistrate Judge correctly referred to § 2244(d) (2) stating that the statute of limitations is tolled during the time in which the "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending . . . . " 28 U.S.C. § 2244 (d)(2). In South Carolina, a "a proceeding is commenced by filing an application verified by the applicant with the clerk of court in which the conviction took place." S.C. Code Ann. § 17-27-40. The Magistrate Judge correctly concluded Petitioner's argument is without merit as the date of filing the PCR application with the Clerk is May 2, 2014. (Dkt. No. 42 at 9–10.) *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (stating an application is "properly filed when its delivery and

acceptance are in compliance with the applicable laws and rules governing filings.") Petitioner's argument does not entitle him to equitable tolling.[2]

Second Petitioner argues trial and appellate counsel did not provide discovery materials in a timely matter, which delayed the filing of his PCR application. (Dkt. No. 23 at 6–11, 14.) He contends that on November 4, 2014 discovery and case files were delivered from appellate counsel. At that time he realized trial counsel moved to South America although petitioner sent letters to trial counsel indicating his case entitled him to equitable tolling. (Dkt. No. 27 at 1–3.) Petitioner objects to the R & R 's calculations that his petition is untimely and argues he is entitled to equitable tolling because counsel's actions contributed to the untimely filing of his petition. (Dkt. Nos. 47 at pgs. 5–7; 50 at pgs. 1–2, 4.) He argues counsel informed him that he would be entitled to immunity for his charges. (Dkt. No. 50 at 1–2.) He argues counsel should have filed a petition for re-hearing at the South Carolina Supreme Court, or informed petitioner he should be entitled to ninety days of tolling to petition the United States Supreme Court for certiorari. (Dkt. No. 47 at 5.) Further, he argues his PCR Application was filed on May 2, 2014 as counsel delivered discovery to the Court of Appeals on March 23, 2012. (Dkt. No. 47 at 5.) Last, he argues counsel refused amend transcripts and briefs; refused to submit documentary evidence; and failed to file a motion to reconsider 59(e) motion. (Dkt. Nos. 47 at pg. 6; 50 at pg. 6.)

---

[2] Petitioner makes several general objections to the R & R's calculation that his petition was untimely filed. Petitioner argues his petition was delayed thirty-five or thirty-seven additional days because he was denied legal materials stemming from a statewide prison lockdown that occurred in April 2017. (Dkt. Nos. 47 at pgs.1–4; 50 at pgs. 1–3, 5–6.) Yet, Petitioner's argument does not present a ground to excuse the untimely filing of his petition and does not entitle him to equitable tolling. Prison conditions, such as lack of access to legal papers or lockdowns, do not qualify as extraordinary circumstances entitling a petitioner to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 330-332 (4th Cir. 2000).

Upon a review of the petition, arguments in opposition, and petitioner's objections, the Court finds the Magistrate Judge ably addressed petitioner's arguments. In general, an ineffective assistance of counsel claim does not warrant equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003). "[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary circumstances required for equitable tolling.'" *Rouse*, 339 F.3d at 249. (internal citations omitted.) The Magistrate Judge correctly cited cases that generally hold that a delay in receiving case file materials, discovery, and transcripts would not support equitable tolling. (Dkt. No. 42 at 11–12.) (citing *Miguel v. Cohen*, No. 329103, 2013 WL 4500459, at *4 (D.S.C. Aug. 20, 2013); *Weersing v. Cartledge*, No. 8:09-CV-00088-JMC, 2011 WL 1543706, at *4 (D.S.C. Apr. 21, 2011); *Boyles v. Commonwealth of Virginia*, 7:05-CV-00075, 2005 WL 2233578, at *3 (W.D. Va. Sept. 13, 2005); *Gray v. California Dep't of Corr.*, 72 F.App'x 546, 547 (9th Cir. 2003). This Court finds Petitioner's arguments and objections are without merit because "a lawyer's mistake is not a valid basis for equitable tolling." *Gilbert v. Sec'y of Health and Human Servs.*, 51 F.3d 254, 257 (Fed. Cir. 1995).

Petitioner additionally objects to the R & R claiming that he is actually innocent. (Dkt. Nos. 47 at pg. 4; 50 at pg. 1.) This argument was briefly raised in his PCR application (Dkt. No. 19-1 at 295) and adjudicated by the PCR Judge when the Judge denied all of petitioner's claims and dismissed his application with prejudice. (*Id.* at 353–359.) Petitioner did not raise his claim for actual innocence in his petition for writ of certiorari to the South Carolina Supreme Court. (Dkt. No. 19-6.) Since the claim was not presented to the state court's highest level, it is procedurally barred from federal habeas review. *Matthews v. Evatt*, 105 F.3d 907, 912 (4th Cir. 1997).

The Court may hear his claim on the merits if he can establish cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Liberally construed, Petitioner supports his claim by arguing appellate counsel was ineffective for failing to raise "his right to represent himself." (Dkt. No. 47 at pg. 4.) The Court concludes Petitioner's argument is without merit because "the mere fact counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). Petitioner does not present any evidence of factual innocence to establish that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 522, 537 (2006). As such, Petitioner's claim of actual innocence is procedurally defaulted.

In summary, the Magistrate Judge ably concluded that petitioner failed to show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way to prevent timely filing of his federal petition. As such, the Court adopts the R & R that petitioner is not entitled to equitable tolling and his petition is time-barred. For these reasons, Respondent's motion for summary judgment is granted. (Dkt. No. 20.)

**B.     Motion for Subpoena (Dkt. No. 38)**

The Court carefully considered petitioner's motion for subpoena, respondent's opposition, and petitioner's arguments in reply (Dkt. Nos 38; 39; 41.) Petitioner filed a motion for issuance of subpoena after respondent filed the motion for summary judgment. He seeks a subpoena to obtain evidence that was seized during a search of his bedroom to test the evidence for DNA and fingerprints.  (Dkt. No. 38 at 1–3.) He argues this will support an ineffective assistance of counsel allegation that trial counsel failed to investigate a claim that evidence was planted. (*Id.* at 3.) The

Court adopts the R & R as to petitioner's time barred petition and this Court finds the Magistrate Judge correctly denied the subpoena request as moot as well.

## IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts. ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].") A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's writ of habeas corpus was untimely filed pursuant to 28 U.S.C. 2244(d). Therefore, a Certificate of Appealability is denied.

## V. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 42) is **ADOPTED** as the Order of the Court. Respondent's Motion for Summary Judgment is **GRANTED**. (Dkt. No. 20.) Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED** without prejudice and Petitioner's Motion for Subpoena is **DENIED** as **MOOT**. (Dkt. No. 38.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 2, 2019
Charleston, South Carolina